IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **GILBERT G. GRAYSON,** | : |
| **Plaintiff,** | : |
| V. | : NO. 4:23-cv-00014-CDL-MSH |
| Warden **HERBERT WALKER,** *et al.*, | : |
| **Defendants.** | : |

### ORDER OF DISMISSAL

Plaintiff Gilbert G. Grayson, a prisoner currently held in the Jackson County Correctional Institution in Jefferson, Georgia, filed a complaint under 42 U.S.C. § 1983. Compl., ECF No. 1; Am. Compl., ECF No. 4. Plaintiff also filed a motion to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. That motion was granted, and Plaintiff was ordered to pay an initial partial filing fee, Order, ECF No. 5, which Plaintiff paid. Thereafter, Plaintiff's complaint underwent a preliminary review. On that review, Plaintiff was ordered to recast his complaint if he wanted to proceed with this action. Order to Recast, ECF No. 6. Plaintiff has now filed a recast complaint. Recast Compl., ECF No. 8. On preliminary review, Plaintiff's complaint is now **DISMISSED WITHOUT PREJUDICE** for failure to state a claim as set forth below.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the

screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556

2

U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Plaintiff's Allegations

In the order to recast, the Magistrate Judge found that Plaintiff's allegations, as drafted, did not state a claim for relief. *Id.* at 3-4. In particular, Plaintiff included minimal factual allegations with regard to any of his potential claims, and he did not connect those claims to the named defendant, Warden Herbert Walker, or to any other possible defendant. *Id.* at 4. In light of these deficiencies, the Magistrate Judge gave Plaintiff the opportunity to recast his complaint and provided Plaintiff with specific instructions on doing so. *Id.* at 4-6. For example, the Magistrate Judge explained that Plaintiff must identify any individuals he wanted to include as defendants and "allege specific facts showing what these defendants did or did not do" to violate Plaintiff's constitutional rights. *Id.* at 4. Additionally, Plaintiff was informed that the recast complaint would take the place of his original complaint, such that Plaintiff needed to include all relevant factual information in his recast complaint. *Id.* at 5.

Plaintiff has not followed the Magistrate Judge's directions from the order to recast. Instead, Plaintiff has merely added a few details to those set forth in his original complaint. Therefore, for clarity, Plaintiff's original allegations are also included in the recitation of his allegations set forth below.

In his initial complaint, Plaintiff asserted that he sleeps on the top bunk of a bed that is rusty. Compl. 3, ECF No. 1. Because he is on the top bunk, Plaintiff's head is near the ceiling, which is covered in mold. Id. There is also mold in the shower. Id. The mold and smoke in the prison have started to affect Plaintiff's breathing, such that he cannot breathe at night. Id. A doctor has given Plaintiff medication for thirty days. Id. at 3, 5. In the recast complaint, Plaintiff reiterates that the mold and second-hand smoke have affected his breathing and health. Attach. to Recast Compl. 5, ECF No. 8-2. Plaintiff also asserts that the medications he is taking are Zyrtec and a nasal spray, which were given to him by the doctor. Id.

In the original complaint, Plaintiff also alleged that he has been strip searched, including being asked to bend at the waist and spread the cheeks of his bottom so that officers can see inside his rectum. Compl. 5, ECF No. 1. Plaintiff stated that there are cameras in the room where these searches occur. Id. In the recast complaint, Plaintiff asserts that this makes him feel violated. Attach. to Recast Compl. 5, ECF No. 8-2.

On another point in the original complaint, Plaintiff alleged that the inmates are made to eat in the dorm where other inmates are using the restrooms three feet away. Compl. 4, ECF No. 1. In the recast complaint, Plaintiff contends that this is not good for

4

him.  Attach. to Recast Compl. 5, ECF No. 8-2.  Finally, in the original complaint, Plaintiff asserted that there are only two toilets for forty-six inmates in the dorm, and there are no inmate activities for those who do not have a work detail.  Compl. 4, ECF No. 1. And in the recast complaint, Plaintiff asserts that this also is not good for him.  Attach. to Recast Compl. 5, ECF No. 8-2.

### III.  Plaintiff's Claims

As with the original complaint, it appears that Plaintiff may be attempting to state a claim for deliberate indifference to safety relating to the mold and possibly a Fourth Amendment violation relating to the searches.  Plaintiff's other allegations may also be intended to state a claim, but it is not entirely clear what claims Plaintiff is trying to raise. Regardless, Plaintiff's allegations do not state a claim for relief.  In particular, Plaintiff includes only minimal factual allegations with regard to any of his potential claims, and he does not connect those claims to the named defendant, Warden Herbert Walker, or to any other possible defendant.

"[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation."  *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted).  A district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R.*

*Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)).  Thus, in the absence of any connection between Warden Walker and Plaintiff's alleged constitutional violations, Plaintiff fails to state a claim for relief against this defendant.  Accordingly, Plaintiff's complaint is now **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**, this **27th** day of **June, 2023**.

    S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA